835 F.2d 872
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re James W. RAYMOND, et al., Appellants.
 No. 87-1316.
 United States Court of Appeals, Federal Circuit.
 Nov. 27, 1987.
 
 Before FRIEDMAN, PAULINE NEWMAN and ARCHER, Circuit Judges.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 James W. Raymond and James A. Millett seek review of the final decision of the United States Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences (board) sustaining the final rejection under 35 U.S.C. Sec. 103 of claims 1 and 3 of patent application serial number 342,144 (appeal number 602-78). We reverse the board's decision.
 
 OPINION
 
 2
 Independent claim 1 is directed toward a door latch assembly which includes a dead bolt and a plunger, both of which are biased toward their extended position by separate spring means. A crank is provided that has an extension which abuts the rear of the dead bolt. The crank rotates to withdraw and extend the dead bolt. The crank is defined in claim 1 as "having an end disposed adjacent to ... the rear end of the dead bolt when the crank is in its first angular position in which the crank is in substantial alignment with the dead bolt so as to serve as a stop for said dead bolt when the dead bolt is in its extended position so as to prevent the dead bolt from being forced back to its retracted position."
 
 
 3
 Claim 1 was rejected as being obvious under under 35 U.S.C. Sec. 103. For a claimed invention to be obvious, there must be some suggestion for the claimed construction in the prior art when viewed as a whole. Interconnect Planning Corp. v. Feil, 774 F.2d 1132, 1143, 227 USPQ 543, 551 (Fed.Cir.1985). Independent claim 1 was rejected as being unpatentable over German Patent No. 75,175 to Busby. Busby discloses a lock mechanism including a dead bolt and a plunger, both of which are spring biased. The primary difference between Busby and the invention of claim 1 is in the position and operation of the crank. In Busby the crank is positioned below the dead bolt while in the invention defined by claim 1 the crank must be behind the dead bolt. Further, in claim 1 the crank is in substantial alignment with the dead bolt when it is in its extended position, while this is not so in Busby.
 
 
 4
 The board determined that the claimed configuration defined in claim 1 would have been an obvious choice and design in view of Busby. However, there is nothing in the prior art to suggest modifying Busby to attain the claimed configuration. In placing the crank behind the dead bolt and arranging the crank so that it is in substantial alignment with the dead bolt, appellants assert that substantially improved results are achieved. More particularly, when the crank is in substantial alignment with the dead bolt, a positive stop is provided so that it cannot be forced to move against the crank. While the Busby reference discloses that the crank will act as a stop, the stopping mechanism and action are not the same as that achieved by the claimed invention. Moreover, the crank disclosed by Busby has a projection which is positioned in a slot in the dead bolt. This projection functions both to extend and to retract the dead bolt. If the crank in Busby were positioned behind the dead bolt, as required by claim 1, the projection could not function to retract the bolt. Thus positioning the crank in Busby behind the dead bolt would not have been merely a design choice as the board stated.
 
 
 5
 In view of the lack of disclosure in the prior art of the claimed structure, the lack of suggestion or incentive to modify the prior art to achieve such configuration and the different, and asserted to be improved, manner in which the stop action is achieved, the claimed invention is not rendered obvious by Busby. See Lindemann Maschinenfabrik GmbH v. American Hoist and Derrick Co., 730 F.2d 1452, 1460, 221 USPQ 481, 488 (Fed.Cir.1984).
 
 
 6
 Claim 3 depends from claim 1 and need not be considered separately.